## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA

**SCANLON ASSOCIATES INDUSTRIAL CONTRACTORS, LLC**
3901 Chichester Avenue
Upper Chichester, PA  19061,

        Plaintiff,

  v.

**TALON VETERAN SERVICES, INC. d/b/a FAR GROUP**
525 Corporate Drive, STE 203
Stafford, VA 22554-4890,

        Defendant.

NO.

## **COMPLAINT**

Plaintiff Scanlon Associates Industrial Contractors, LLC, by and through its undersigned counsel, sets forth the following causes of action against Defendant Talon Veteran Services, Inc. d/b/a FAR Group, and says as follows:

### **PARTIES**

1.  Plaintiff Scanlon Associates Industrial Contractors, LLC ("Plaintiff" or "Scanlon") is a limited liability company organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business located at 3901 Chichester Avenue, Upper Chichester, Pennsylvania 19061.

2.  The sole member of Scanlon is James Scanlon, a citizen of the Commonwealth of Pennsylvania.

3.  Defendant Talon Veteran Services, Inc. d/b/a FAR Group ("Defendant" and/or "Talon") is a corporation organized and existing under the laws of the State of Virginia with its

principal place of business and registered agent located at 525 Corporate Dr Ste 203, Stafford, VA, 22554.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this action is between diverse parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c) because a substantial part of the events or omissions giving rise to this action occurred in this district, and Talon is subject to personal jurisdiction in this district.

6. This Court has personal jurisdiction over Talon because the cause of action arises out of Talon's activities and significant contacts in the Commonwealth of Virginia.

## FACTS

7. On information and belief, Talon was engaged by the United States Department of Veterans Affairs ("VA") as a prime contractor to perform certain demolition and construction work at the Coatesville Veterans Administration Medical Center located in Coatesville, Pennsylvania ("Project").

8. On May 2, 2023, Talon and Scanlon executed a written Subcontract ("Subcontract") whereby Scanlon agree to perform certain construction services required for the Project in return for Talon's payment of $68,459 as shown on Attachment 1.

9. Specifically, the scope of the Subcontract required that Scanlon provide labor and materials necessary to remove and replace an existing walk-in cooler at the Project.

10. On or about July 18, 2023, Talon directed Scanlon to perform additional work on the Project and a Subcontract Agreement Modification ("SAM") was issued providing compensation for that work in the additional amount of $6,875 (Attachment 2).

11. Specifically, the additional work addressed in the SAM included the previously unanticipated demolition of an existing 4" floor panel system and installation of three cubic yards of concrete.

12. Scanlon fully performed and completed the work as required in the Subcontract and SAM by the designated completion date.

13. Talon and the VA accepted the work performed by Scanlon under the Subcontract and SAM without objection.

14. Accordingly, upon completion, Scanlon invoiced Talon under the Subcontract and SAM for a total amount due of $75,334 on August 2, 2023, by its Invoices 25378 in the amount of $6,875 and 25379 in the amount of $68,459 totaling $75,334 (Collectively, Attachment 3).

15. Under the Subcontract and SAM, Talon agreed to pay Scanlon within thirty (30) days of receipt of the invoices.

16. On information and belief, the VA has fully paid Talon for the work performed by Scanlon and accepted under the Subcontract.

17. Notwithstanding having been paid for the work performed by Scanlon, and despite repeated demands from Scanlon, Talon has refused to pay Scanlon the $75,334 owed.

## - COUNT I -
## Breach of Contract

18. Scanlon incorporates the foregoing paragraphs numbered 1 through 17 by reference as if fully set forth herein.

CLARKHILL\57197\421657\266238741.v1-11/27/23

19. Scanlon and Talon entered legally binding, written Subcontract (Attachment 1) and a written Subcontract Amendment Modification (the SAM) to that Subcontract (Attachment 2), true copies of both are hereby fully incorporated herein.

20. Scanlon has timely and fully performed all work required of it under the Subcontract as amended in accordance with its terms, and that work has been duly, fully and entirely accepted.

21. Upon completion and acceptance of its work, Scanlon duly and timely invoiced Talon (Attachment 3) for its accepted work in the sums agreed in the Subcontract as amended. Talon failed to pay Scanlon's Invoices. By failing to timely pay Scanlon (as required by the Subcontract as amended) for its completed and accepted work, Talon has materially breached the contract with Scanlon.

22. As a result of Talon's material breach, Scanlon has been damaged in an amount of not less than $75,334.

23. All conditions precedent to Scanlon's right to payment from Talon have been performed or have otherwise occurred.

**WHEREFORE,** Plaintiff Scanlon Associates Industrial Contractors, LLC, prays this Honorable Court for judgment against Defendant Talon Veteran Services, Inc. d/b/a FAR Group for its breach in an amount of not less than $75,334, plus such additional sums and other relief as the Court deems equitable, just and proper.

### - COUNT II -
### Unjust Enrichment

24. Scanlon hereby incorporates the foregoing paragraphs numbered 1 through 23 by reference as if fully set forth herein.

25. Scanlon has conferred a benefit upon Talon by providing labor, material, and equipment to Talon in connection with the Project.

26. Talon has been unjustly enriched by the fact that it has appreciated, received and reaped the benefit of the labor, material, and equipment provided by Talon without paying for the same.

27. Under the circumstances, it would be unjust and inequitable, and in violation of good conscience and fundamental principles of justice and equity, for Talon to enjoy and realize the benefit of the labor, material, and equipment provided by Scanlon without paying for the value of the same.

**WHEREFORE,** Plaintiff Scanlon Associates Industrial Contractors, LLC, demands judgment against Defendant Talon Veteran Services, Inc. d/b/a FAR Group in an amount of not less than $75,334, plus such other relief as the Court may deem just and proper.

Dated: December 7, 2023

                                    Respectfully Submitted:

                                    /s/ J. William Eshelman
                                    J. William Eshelman (VA BAR No. 17583)
                                    CLARK HILL PLC
                                    1001 Pennsylvania Avenue. N.W., Suite 1300 South
                                    Washington, DC  20004
                                    Telephone:  (202) 552-2374
                                    Fax: (202) 572-8692
                                    weshelman@clarkhill.com